UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK MARC COOLEY,

        Plaintiff,

vs.

                                     Case No. 6:23-cv-00299-CEM-LHP

FRONTIER AIRLINES, INC.,
AMER SM ASIF,

        Defendants

                               /

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN THE ACTION

Defendant, Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, hereby responds to Plaintiff's Request to Reopen the Case Against Dismissed Defendant Frontier Airlines, Inc. (Doc. 23) as follows:

## INTRODUCTION

The parties entered into a valid settlement agreement April 28, 2023. Frontier promptly submitted payment to the address provided by Plaintiff on May 10, 2023 (Ex. 2; Decl. of Maye ¶ 10, June 15, 2023), though Plaintiff maintains he has not received payment. (Doc. 23). Plaintiff now seeks to reopen this case in an attempt to force Frontier back into a matter that Plaintiff has already agreed to settle. The bases for Plaintiff's request have no grounding in fact or precedent. The Court should deny this request.

Case No. 6:23-cv-00299-CEM-LHP

Plaintiff asserts in his Request to Reopen that his decision to settle the case was based on two main factors: (1) Defendant Amer SM Asif ("Asif") was not an employee of Frontier and (2) the settlement payment would be made "in about two weeks after signing the settlement agreement." (Doc. 23). Plaintiff offers no authority to support his position that there is good cause to reopen this case. First, he fails to provide any support for his allegation that Frontier's counsel misrepresented facts. Second, Plaintiff refuses to provide a physical mailing address or agree to other arrangements that would allow a second attempt to send the settlement payment. Third, beyond this refusal, the Court no longer maintains jurisdiction over this matter because the settlement terms were not incorporated into the dismissal order. Therefore, the Court should not reopen the case.

## BACKGROUND

Plaintiff brought his initial suit against Frontier and Defendant Asif for an alleged battery that occurred at the Orlando International Airport. Plaintiff had a telephone call with Frontier's counsel, Brian Maye, on April 27, 2023, during which Mr. Maye informed Plaintiff that Asif was not a Frontier employee. Decl. of Maye ¶ 4. Asif was an employee of Menzies Aviation, which provided services to Frontier at the Orlando International Airport. Decl. of Maye ¶ 5. As a result, Mr. Maye communicated that Frontier was not responsible for Plaintiff's injuries. Decl. of Maye ¶ 6. Plaintiff argued that even if Asif was not a Frontier employee, Frontier

2

Case No. 6:23-cv-00299-CEM-LHP

could still be held responsible for Plaintiff's injures under a theory of apparent agency. Decl. of Maye ¶ 6. Plaintiff noted that Asif was wearing a Frontier uniform at the time of the incident. Decl. of Maye ¶ 4. At the end of the call, Mr. Maye presented a settlement offer to Plaintiff. Decl. of Maye ¶ 6.

The following day, April 28, 2023, Plaintiff emailed Mr. Maye to accept the settlement offer. Decl. of Maye ¶ 7. Plaintiff signed a written settlement agreement/release and faxed it to Mr. Maye on April 28, 2023. Decl. of Maye ¶ 7. On May 10, 2023, after Plaintiff's request for an electronic transfer of funds could not be accommodated, a check for the settlement amount was mailed to Plaintiff at the address Plaintiff provided, a P.O. Box in Vallejo, California. Decl. of Maye ¶¶ 8-10.

Upon the filing of the Notice of Settlement (Doc. 19), this Court entered a Dismissal Order on May 1, 2023, dismissing claims against Frontier with prejudice "subject to the right of any party, within sixty days from the date of this Order, upon good cause, to move The Court to re-open the case as to Defendant Frontier Airlines, Inc.in accordance with Local Rule 3.09(b)." (Doc. 20).

On June 5, 2023, Plaintiff contacted Mr. Maye and communicated that the settlement check had not been received. Decl. of Maye ¶ 11. He also stated he had grounds "to reopen the case against Frontier Airlines Inc. due to their breach of agreement to pay me $5000 and the fact that contrary to your representation that it

3

Case No. 6:23-cv-00299-CEM-LHP

appears that Mr. Asif and other employees are employed by Frontier Airlines." Decl.

of Maye ¶ 11; Ex. 1. In response, Mr. Maye notified Plaintiff that the check had been

mailed and reiterated that Asif was not an employee of Frontier. Decl. of Maye ¶ 12.

Plaintiff countered by stating,

> The payment has not been mailed and it's been over a
> month since we made the agreement that you represented
> would be paid out in two weeks. The agreement has been
> breached and since your word has not been good about
> payment by mail tell your client to keep the money and I
> will seek an order to reopen due [to] your clients [sic]
> refusal to electronically submit the payment.

Decl. of Maye ¶ 13; Ex. 1.

On June 6, 2023, Plaintiff demanded proof that the check had been issued.

Decl. of Maye ¶ 14. Shortly thereafter, Mr. Maye provided the check issuance record

to Plaintiff as prove that a settlement check had been tendered. Decl. of Maye ¶ 14;

*see* Ex. 2. Mr. Maye also offered to stop payment on the settlement check mailed

May 10th and send a new check overnight via FedEx. Decl. of Maye ¶ 15. As FedEx

does not deliver to P.O. boxes, this method required a physical address, which

Plaintiff refused to provide. Decl. of Maye ¶ 15. Instead, he reiterated his intent to

file a motion to reopen the case.

On June 9, 2023, a stop payment was effectuated on the original

settlement check, and a new settlement check was issued and mailed to Plaintiff on

June 12, 2023, at the address Plaintiff provided, a P.O. Box in Vallejo, California.

4

Decl. of Maye ¶ 16. Mr. Maye then notified Plaintiff on two occasions via email that a new settlement check had been mailed to his P.O. Box. Decl. of Maye ¶ 16. As of the date of this filing, Plaintiff had not responded to Mr. Maye's emails that a second settlement check had been mailed to him. Decl. of Maye ¶ 16.

Plaintiff now alleges he has good cause to reopen the case against Frontier under Local Rule 3.09(b) due to the "misrepresentations and lack of candor of Frontier" and Mr. Maye. (Doc. 23). Plaintiff claims Mr. Maye never communicated that Frontier was a customer of Menzies Aviation, which employed Asif. *(Id.)*. Plaintiff claims, had he known this information, he "would not have made the decision to settle on the terms of the current settlement" and would have proceeded with litigation "if no settlement could be reached." *(Id.)*. Plaintiff provides no legal support for his allegations of misrepresentation, apart from a single case that he uses to define Menzies' relationship with Frontier. *(Id.)*. Further, Plaintiff has not cooperated with Frontier's attempts to resend a settlement check. Neither point Plaintiff raises is sufficient "good cause" as defined by the Middle District to reopen this case. Therefore, Plaintiff's request should be denied.

## ARGUMENT

Plaintiff agrees that he decided to settle this case on April 28, 2023. (Doc. 23). Now Plaintiff seeks to reopen the case pursuant to the good cause requirement set forth in the Dismissal Order. (Doc. 20). The Middle District has defined the

5

Case No. 6:23-cv-00299-CEM-LHP

necessary conditions to set aside a settlement agreement, holding that, "[u]nder [the good cause standard], the determinative issue is whether the mediated settlement agreement should be set aside." (*Menaged v. City of Jacksonville Beach*, No. 3:11-cv-586-J-12JBT, 2013 U.S. Dist. LEXIS 16630, at *5 (M.D. Fla. Jan. 14, 2013)).

## I. PLAINTIFF'S MOTION FAILS TO DEMONSTRATE FRAUD, DURESS, OR INCAPACITY NECESSARY TO SHOW GOOD CAUSE TO REOPEN THIS ACTION

In determining whether a settlement agreement should be set aside, state contract law applies. *(Id.)*. Accordingly, settlement agreements are only set aside when "obtained by fraud, duress, or incapacity of a party." (*Id*. at *6). Here, Plaintiff has not alleged duress or incapacity. Consequently, Plaintiff's only grounds for setting aside the settlement agreement must be fraud. However, the conduct Plaintiff describes falls well short of fraudulent behavior. Plaintiff asserts that Mr. Maye told him Asif was not an employee of Frontier Airline. This is a factual statement made by Mr. Maye that Plaintiff has not disputed. Further, Plaintiff has not provided any evidence to show that Asif is a Frontier employee. Plaintiff's most significant contention is that Mr. Maye never informed Plaintiff of Frontier's relationship with Menzies Aviation. This is not fraud. Rather, this issue is a red herring and has no bearing on the settlement agreement that Plaintiff voluntarily and willingly entered into.

1061253\313853308.v1

Plaintiff has failed to show he entered into the settlement agreement as a result of fraud, duress, or incapacity. Therefore, he has not shown good cause to reopen this case. Plaintiff's motion should be denied.

## II.   PLAINTIFF'S ALLEGATION THAT HE HAS NOT BEEN PAID ACCORDING TO THE TERMS OF THE SETTLEMENT AGREEMENT IS NOT SUFFICIENT GOOD CAUSE TO REOPEN THIS ACTION

The crux of Plaintiff's second basis is that Frontier breached the terms of the settlement agreement. Plaintiff argues that he has not been paid according to the terms of the settlement agreement. (Doc. 23). He contends that his agreement with Mr. Maye was for payment "in about two weeks." (*Id.*)  First, Plaintiff's allegation is factually incorrect as the settlement check was mailed on May 10, 2023. Second, Plaintiff's challenge of Frontier's delayed payment is not one of the enumerated bases required to set aside the settlement agreement: fraud, duress, or incapacity. (*See* Section I, *supra*). Instead, this allegation must be addressed by a Motion to Enforce.

Courts in this District have addressed the issue of reopening a case due to a breach of settlement terms and held "[e]nforcement of a privately negotiated settlement agreement (which is merely a contract between the parties) requires an independent basis for federal jurisdiction." (*Swift v. Dreambuilder Inv., LLC*, No. 8:14-cv-1103-T-33AEP, 2014 U.S. Dist. LEXIS 147411, at *4 (M.D. Fla. Oct. 16, 2014)). The Court explained that when the Court issues a dismissal order without

7

incorporating the terms of the settlement into that order—as it did here—"[t]he Court is under no obligation to retain jurisdiction over a settled case…" (*Id.* at *3). As such, the Plaintiff's request on these grounds fails.

## III.   PLAINTIFF'S MOTION FAILS TO COMPLY WITH LOCAL RULE 3.01(g)

Local Rule 3.01(g) imposed a duty upon the movant to confer with the opposing party in a good faith effort to resolve the issues raised in his motion prior to filing same *and* to include certification of his efforts to confer and results thereof. Plaintiff's motion fails to comply with the requirements of Local Rule 3.01(g) and for this reason, too, should be denied.

## CONCLUSION

Plaintiff has not shown good cause to reopen this case. Moreover, Plaintiff's Motion fails to comply with Local Rule 3.01(g).  For these reasons, the Court should deny Plaintiff's Request to Reopen the Case.

Respectfully submitted,

*s/ Steven D. Lehner*

Steven D. Lehner
Florida Bar No. 39373
slehner@hinshawlaw.com

8

Case No. 6:23-cv-00299-CEM-LHP

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this June 16, 2023, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following:

Frederick Cooley
P.O. Box 4575
Vallejo, California 94590
Email:  cooleyfrederickm@gmail.com
*Pro Se Plaintiff*

*s/ Steven D. Lehner*

Steven D. Lehner
Florida Bar No. 39373
slehner@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 500
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-436-8738
Secondary:
TAMDocket@hinshawlaw.com;
mmatthews@hinshawlaw.com;
hbrown@hinshawlaw.com
*Attorneys for Defendant FRONTIER
AIRLINES, INC.*

1061253\313853308.v1