FREDERICK MARC COOLEY
P.O. BOX 4575
VALLEJO, CA 94590
(707) 373-6405
cooleyfrederickm@gmail.com

In Pro Se

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO, DIVISION

| | |
|---|---|
| FREDERICK MARC COOLEY, | No. 6:23-cv-299-CE-LHP |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND ADD PARTIES** |
| v. | |
| AMER SM ASIFF, | |
| Defendant. | |

Plaintiff Frederick Marc Cooley, in pro se, pursuant to Federal Rules of Civil Procedure 15 respectfully moves this Court for leave to amend the complaint, and in support thereof, states as follows:

## <u>FACTUAL BACKGROUND</u>

1. On February 21, 2023, Plaintiff filed this action against Frontier Airline Inc. erroneously believing Amer SM Asif was an employee of Frontier Airlines, alleging causes of action against Asif for subjecting Plaintiff to discrimination, civil slander and battery. (**Doc. #1**)

2. Subsequent to the filing of this action Plaintiff discovered that defendant Amer SM Asif was not an employee of Frontier Airlines Inc. but was employed by

1

Menzies Aviation (USA) Inc..

3.  As Amer SM Asif was improperly served as an employee of Frontier Airline Inc. instead of Menzies Aviation Inc. service on Asif is now pending.

4.  Plaintiff was able to identify William Revis as a Menzies Aviation who subjected plaintiff to cause action of defamation/slander.

5.  Plaintiff also became aware of the liability of Menzies Aviation supervisors John Doe and Jane Doe defendants whose identity has not been ascertained.

6.  Plaintiff thereafter negotiated with Frontier Airlines to settle against Frontier Airlines Inc. only.

7.  On April 28, 2023, a notice of settlement was filed, giving notice that the settlement would not affect the claims Plaintiff may have against Amer SM Asif and his employer Menzies Aviation (USA) inc.. (**Doc. #19**)

8.  On May 1, 2023, the District Court issued an order dismissing with prejudice against Frontier Airline Inc. only. (**Doc. #20**)

9.  For the reasons discussed, Plaintiff respectfully requests that this Court enter an order granting Plaintiff leave to amend his complaint, accepting the Complaint attached hereto as **Exhibit "A"** and granting such other relief this Court deems just and proper.

## ARGUMENT

Pursuant to Rule 15(a)(2) of Federal Rules of Civil Procedure, a party may amend its pleading "with the opposing party's written consent or the court's leave." Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." The Supreme Court has stated that "this mandate is to be heeded." **Foman v. Davis**, 371 U.S. 178 (1962) (explaining that if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Thus, leave should be granted unless there is a substantial

1   reason to deny it, such as where leave would cause undue delay or prejudice to the

2   opposing party, where prior amendments have failed to cure deficiencies, or where the

3   motive of the amendment is dilatory. **Halliburton & Associates, Inc. v. Henderson,**

4   **Few & Co.**, 774 F.2d 441 (11th Cir. 1985); see also **Foman**, 371 U.S. at 182 ("In the

5   absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory

6   motive on the part of the movant, repeated failure to cure deficiencies by amendments

7   previously allowed, undue prejudice to the opposing party by virtue of allowance of the

8   amendment, futility of amendment, etc. -- the leave sought should, as the rules require,

9   be 'freely given.'").

10

11        Here, this Motion is not being filed in bad faith or for any dilatory purpose. Nor will

12  granting this Motion result in any undue delay or prejudice to the opposing parties, as

13  evidenced by this Motion being timely filed. Further, permitting amendment is in the best

14  interests of judicial economy. The new allegations against Willam Revis and the two

15  unidentified Menzies Aviation Supervisors arise from the same conduct and factual basis

16  as the allegations against Amer SM Asif and Menzies Aviation Inc. Finally, due to

17  Frontier Airline Inc no longer being defendants to this action, since Asif was not properly

18  served as a Menzies Aviation Inc employee and since Plaintiff has identified William

19  Revis and two unidentified Menzies Aviation supervisors John Doe and Jane Doe as

20  liable parties, the court should freely grant Plaintiff leave to file an amended complaint.

21

22                                  **CONCLUSION**

23

24        For the reasons set forth above, Plaintiff respectfully requests that this Court enter

25  an order granting Plaintiff leave amend its Complaint, accepting Plaintiff's Amended

26  Complaint attached hereto as **Exhibit "A"** and granting such other relief this Court

27  deems just and proper.

28

                                        3

1

## 3.01 (g)(3) CONFIRMATION OF CONFERRAL-(UNAVAILIBILITY)

2

3        On April 28, 2023, Plaintiff and Frontier Airline, Inc.'s attorney of record, Steven D.

4  Lehner, filed a notice of settlement, with the understanding that Plaintiff would dismiss all

5  claims against Frontier with prejudice and the settlement did not affect claims Plaintiff

6  may have against Amer Asif and his employer, Menzies Aviation Inc.. On May 1, 2023,

7  the District court issued an order dismissing Defendant Frontier Airline Inc. from the

8  action as a defendant and as the result of the dismissal there is currently no served

9  defendants that the Plaintiff can meet with because Amer Asif has not been properly

10  served as a Menzies Aviation employee, plus Menzies, William Revis and two

11  unidentified Menzies Aviation supervisors are parties named in the amended complaint.

12  Plaintiff respectfully requests that the court excuses him from the requirement of

13  conferring prior to bringing this motion as there are no defendants currently appearing

14  due to no service of the summons and complaint.

15

16

17  Date 7/28/23

18                       FREDERICK MARC COOLEY

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida  ▼

ORLANDO Division

| | | |
|---|---|---|
| FREDERICK MARC COOLEY | ) | Case No.   6:23-CV-00299-CEM-LHP |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| MENZIES AVIATIONN (USA) iNC.; AMER SM ASIF; | ) | |
| WILLIAMS REVIS; JOHN DOE; JANE DOE | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

[PROPOSED]
AMDENDED COMPLAINT

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | FREDERICK MARC COOLEY |
| Street Address | P.O. BOX 4575 |
| City and County | VALLEJO, SOLANO |
| State and Zip Code | CALIFORNIA, 94590 |
| Telephone Number | (707) 373-6405 |
| E-mail Address | cooleyfrederickm@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name                                         MENZIES AVIATION (USA), INC.

    Job or Title *(if known)*

    Street Address                        4900 DEPLOMACY ROAD

    City and County                    FORT WORTHK TARRANT COUNTY

    State and Zip Code             TEXAS, 76155

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                                           AMER SM ASIF

    Job or Title *(if known)*       GATE AGENT

    Street Address                        9450 JEFF FUQUA BLVD

    City and County                    ORLANDO, ORANGE

    State and Zip Code             FLORIDA, 32819

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name                                           WILLAIM REVIS

    Job or Title *(if known)*

    Street Address                        9450 JEFF FUQUA BLVD BLVD

    City and County                    ORLANDO, ORANGE

    State and Zip Code             FLORIDA, 32827

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name                                           JOHN DOE

    Job or Title *(if known)*       SUPERVISOR

    Street Address                        9450 JEFF FUQUQ BLVD

    City and County                    ORLANDO, ORANGE

    State and Zip Code             FLORIDA, 32827

    Telephone Number

    E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question                    ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
42 USC 1981

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

    The plaintiff,  *(name)*  FREDERICK MARC COOLEY                    , is a citizen of the State of *(name)*  CALIFORNIA                .

    b.    If the plaintiff is a corporation

    The plaintiff,  *(name)*                        , is incorporated under the laws of the State of *(name)*                    ,

    and has its principal place of business in the State of *(name)*                    .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

    The defendant,  *(name)*  AMER SM ASIF                    , is a citizen of the State of *(name)*  FLORIDA                . Or is a citizen of *(foreign nation)*                    .

    b.    If the defendant is a corporation

The defendant, *(name)* MENZIES AVIATION (USA) INC, , is incorporated under

the laws of the State of *(name)* FLORIDA , and has its

principal place of business in the State of *(name)* TEXAS .

Or is incorporated under the laws of *(foreign nation)* ,

and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
PLAINTIFF HAS SUFFERED SUSTANTIAL COMPENSATORY DAMAGES WHICH SHOULD BE DETERMINED BY A JURY.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
SEE ATTACHED PAGES ATTACHED

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.
COMPENSATORT AND PUNITIVE DAMAGES

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          07/30/2023

Signature of Plaintiff

Printed Name of Plaintiff      FREDERICK MARC COOLEY

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

1
2
3
4

FREDERICK MARC COOLEY
P.O. BOX 4575
VALLEJO, CA 94590
(707) 373-6405
cooleyfrederickm@gmail.com

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANO DIVISION**

10

11

12

13

14

15

16

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>MENZIES AVIATION (USA) INC.;<br>AMER SM ASIF; WILLIAM REVIS;<br>JOHN DOE; JANE DOE;,<br><br>Defendant. | No.  6:23-cv-0299-CEM-LHP<br><br>**ATTACHED**<br>**STATEMENT OF CLAIMS** |

17

18

## **ADDITIONAL DEFENDANT**

19

20

21

22

    Claims are sought against defendant Jane Doe number 5 who is a Menzies Aviation Inc. employee with the job title of supervisor and who resides and employed in the City of Orlando, County of Orange, State of Florida, 32819.

23

24

25

26

    Claims are sought against defendant William Revis ("**REVIS**") number 6, who is a Menzies Aviation USA Inc. employee and who resides in the City of Orlando, County of Orange, State of Florida, 32819.

27

28

1

## STATEMENT OF FACTS

1. On November 28, 2022, Plaintiff Frederick Marc Cooley ("**COOLEY**"), a Black American adult male, booked with Frontier Airline, Inc. through its agent "Justfly", an international roundtrip ticket from Oakland, California to Santo Domingo Dominican Republic with a departure date of December 12, 2022, and a return date of January 14, 2023.

2. On January 14, 2023, Frontier cancelled Cooley's departure at the Las Americas International Airport, Santo Domingo, Dominican Republic for an unknown reason and Frontier offered and provided to Cooley a hotel until the next day January 15, 2023, with the understanding that his flight would depart at 10:00 am.

3. On January 15, 2023, Cooley returned to Las Americas International prior to his flight's departure and paid $89 for a carry-on-bag.

4. The flight was then delayed until 12:30 p.m.

5. Cooley boarded the flight which included a layover at Orlando International Airport to fly to Las Vegas, Nevada with another layover to Cooley's final destination Oakland, California, as Cooley is a citizen of the United States of America and resides in the State of California, County of Solano, City of Vallejo.

6. Cooley arrived at 3:00 pm and laid over in Orlando International Airport located at 9102 JEFF FUQUA BLVD., Orlando, Florida 32827 for approximately 6 hours at gate 10 waiting to depart.

7. While using his boarding pass, Cooley attempted to board Frontier Airline Flight F91103 at gate 10, where he was greeted by Defendant Menzies Aviation (USA), Inc. ("**MENZIES**") gate agent Defendant Amer SM Asif ("**ASIF**") a non-Black American adult male, who is a citizen of the United States of America,, and resides in the State of Florida County of Orange, City

2

1    of Orlando.

2    8. Menzies is a non-airline owned aviation support company providing aviation

3    ground handling services, such as air cargo, baggage, passenger, and ramp

4    handling services, at multiple airports.

5    9. Defendant Asif scanned Cooley's boarding pass and pointed out that the

6    boarding pass did not describe a carry-on bag was authorized for the flight.

7    10. Cooley attempted to provide proof that he had paid $89 for the carry-on bag at

8    the Las Americas International Airport in Santo Domingo, Dominican Republic

9    but Cooley was told by an unidentified Black American adult male Menzies

10    Aviation employee that he could see that Cooley paid $89 but he could not

11    determine what Cooley paid $89 for and told Cooley that he would have to pay

12    $89 for the carry-on bag.

13    11. Cooley thereafter paid $89 for the carry-on-bag a second time after a non-

14    Black American adult woman boarding the flight also paid for a carry-on bag.

15    12. Asif took Cooley's receipt for the carry-on payment and subjected Cooley to

16    discrimination when Asif told Cooley that the non-Black American woman

17    could board the plane, but Cooley could not.

18    13. Cooley continued down the jet bridge to board the plane and Asif subjected

19    Cooley to civil battery when Asif intentionally and offensively grabbed Cooley

20    without Cooley's consent and unsuccessfully attempted to push and pull

21    Cooley back subjecting Cooley to substantial pain in his right arm.

22    14. As Cooley walked down the Jet Bridge, on at least two more occasions Asif

23    subjected Cooley to civil battery intentionally and offensively grabbing Cooley

24    without his consent, as Cooley told Asif to let go of him and to stop touching

25    him which Aisif continued to do in effort to impede Cooley's travel.

26    15. Asif and his co-worker defendant William Revis ("**REVIS**") both

27    slandered/defamed Cooley by submitting written false reports while they gave

28    false verbal statements to Orlando Police Officers and defendant Menzies

3

supervisors ("**JOHN DOE**") and ("**JANE DOE**"), and other airport employees that Cooley battered Asif, resulting in Cooley being denied completing his travel and the opportunity to rebooking another flight with Frontier.

16. Cooley was forced to purchase an airline ticket from American Airlines for a one-way $538.90 plane ticket with United Airliens to complete his travel and $162 for a hotel room at La Quintan by Wyndham until the next morning.

17. Menzies, John Doe and Jane Doe are vicariously liable for Asif's negligent actions that resulted in substantial monetary, emotional and physical injuries.

18. Menzies, John Doe and Jane Doe are liable for their negligence in supervising Asif, Revis and other Menzies subordinates because they were aware or should have become aware that Asif, Revis and other Menzies subordinates were unfit and failed to investigate, discharge or reassign.