**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FREDERICK MARC COOLEY,

      Plaintiff,

v.                                          Case No:   6:23-cv-299-CEM-LHP

AMER SM ASIF, MENZIES
AVIATION (USA) INC., JOHN DOE
and WILLIAM REVIS,

      Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT BY CLERK AS TO DEFENDANTS AMER S.M. ASIF AND MENZIES AVIATION (USA) INC. (Doc. No. 45)**
>
> **FILED:** October 16, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

Plaintiff filed an amended motion. *See* Doc. No. 46.

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT BY CLERK AS TO DEFENDANTS AMER S.M. ASIF, MENZIES**

|  | AVIATION (USA) INC. AND WILLIAM REVIS (Doc. No. 46) |
|---|---|
| **FILED:** | **October 16, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff, appearing *pro se*, moves for Clerk's default against Defendants Amer S.M. Asif, Menzies Aviation (USA) Inc., and William Revis. Doc. No. 46. Upon review, however, the motion fails to comply with Local Rule 3.01(a). Relatedly, the motion fails to establish, with citation to legal authority, that service of process on Defendants was proper. *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

Specifically, the returns of service state that service was effected on each Defendant by serving "Jenn Bautista," who is "designated by law to accept service of process on behalf of" Menzies Aviation (USA) Inc., and in turn, the individual Defendants. Doc. No. 44. But there is no indication who "Jenn Bautista" is, or where said service was effected. *See id.* Plaintiff provides an address for service in his motion that is not reflected on the returns of service, *see* Doc. No. 46, at 2, and is not otherwise listed for Menzies Aviation (USA) Inc. in records from the Florida

Department of State.[1]   And to the extent Plaintiff is suggesting that "Jenn Bautista" is an employee of Menzies Aviation (USA) Inc.'s registered agent, the returns of service fail to state as much.   *See* Doc. No. 44.   Moreover, even assuming that "Jenn Bautista" is an employee of Menzies Aviation (USA) Inc.'s registered agent, Plaintiff's motion fails to establish that service on "Jenn Bautista" was sufficient to effect proper service on the individual Defendants (Asif and Revis) under governing law.   *See* Doc. No. 44, at 2–3.   *See also* Fed. R. Civ. P. 4(e).

Accordingly, Plaintiff's motion (Doc. No. 46) is **DENIED without prejudice**. Plaintiff shall file a renewed motion on or before **October 31, 2023**, which must establish, with citation to applicable legal authority, that service of process on each Defendant was proper under governing law.   A renewed motion may be supported by amended returns of service, as appropriate.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2023.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

---

[1] Records from the Florida Department of State, Division of Corporations, are available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName, by placing "Menzies Aviation (USA) Inc." in the "Entity Name" field.

Counsel of Record
Unrepresented Parties