UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK MARC COOLEY,

          Plaintiff,

v.

MENZIES AVIATION (USA) INC., AMER SM ASIF, WILLIAM REVIS, JOHN DOE, JANE DOE,

          Defendants.
_____/

CASE NO. 6:23-cv-00299-CEM-LHP

**DEFENDANTS MENZIES AVIATION (USA) INC., AMER SM ASIF AND WILLIAM REVIS'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants MENZIES AVIATION (USA) INC. ("Menzies"), AMER SM ASIF ("Mr. Asif") and WILLIAM REVIS ("Mr. Revis", together with Menzies and Mr. Asif as the "Answering Defendants"), by their undersigned counsel, answer Plaintiff's Second Amended Complaint as follows:

## AS TO BASIS FOR JURISDICTION

Answering Defendants deny the two bases for jurisdiction, as there was no discrimination giving rise to claims under 42 U.S.C. § 1981 (i.e., federal question) and, to the extent Plaintiff has any other claims against Answering Defendants, Plaintiff has not sufficiently demonstrated the requisite amount in controversy to establish diversity jurisdiction under 42 U.S.C. § 1331.

## AS TO RELIEF

Answering Defendants deny Plaintiff is entitled to either compensatory or punitive damages.

## AS TO ADDITIONAL DEFENDANTS

Answering Defendants lack sufficient knowledge to respond to the allegations concerning John Doe or Jane Doe.

## AS TO STATEMENT OF FACTS

1. Answering Defendants lack sufficient knowledge to respond to the allegations in paragraph 1 of the Second Amended Complaint.

2. Answering Defendants lack sufficient knowledge to respond to the allegations in paragraph 2 of the Second Amended Complaint.

3. Answering Defendants lack sufficient knowledge to respond to the allegations in paragraph 3 of the Second Amended Complaint.

4. Answering Defendants lack sufficient knowledge to respond to the allegations in paragraph 4 of the Second Amended Complaint.

5. Answering Defendants lack sufficient knowledge to respond to the allegations in paragraph 5 of the Second Amended Complaint.

6. Answering Defendants lack sufficient knowledge to respond to the allegations in paragraph 6 of the Second Amended Complaint.

7. Answering Defendants deny the allegations in paragraph 7 of the Second Amended Complaint, except admit Mr. Asif was employed by Menzies.

8. Answering Defendants admit the allegations in paragraph 8 of the Second Amended Complaint.

9. Answering Defendants lack sufficient knowledge to respond to the allegations in paragraph 9 of the Second Amended Complaint.

10. Answering Defendants ack sufficient knowledge to respond to the allegations in paragraph 10 of the Second Amended Complaint.

11. Answer Defendants lack sufficient knowledge to respond to the allegations in paragraph 11 of the Second Amended Complaint.

12. Answer Defendants deny the allegations in paragraph 12 of the Second Amended Complaint.

13. Answer Defendants deny the allegations in paragraph 13 of the Second Amended Complaint.

14. Answer Defendants deny the allegations in paragraph 14 of the Second Amended Complaint.

15. Answer Defendants deny the allegations in paragraph 15 of the Second Amended Complaint, except admit Mr. Revis was employed by Menzies.

16. Answer Defendants deny the allegations in paragraph 16 of the Second Amended Complaint.

17. Answer Defendants deny the allegations in paragraph 17 of the Second Amended Complaint.

18. Answer Defendants deny the allegations in paragraph 18 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff did not sufficiently serve Answering Defendants with process pursuant to the applicable law.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims against Answering Defendants are barred because the Second Amended Complaint fails to state a cause of action upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's injuries and damages were directly and proximately contributed to and caused by persons or entities other than Answering Defendants, and over whom Answering Defendants had no control or duty to control, and Answering Defendants are entitled to indemnity and contribution, or both, from each of said other persons or entities in an amount in direct proportion to the culpable conduct of said other persons or entities. In compliance with *Nash v. Wells Fargo Guard Services, Inc.*, 678 So.2d 1262 (Fla. 1996), Answering Defendants will identify any other such persons and/or entities with as much particularity as is feasible as discovery progresses, and in sufficient time to allow Plaintiff to respond. Thus, Plaintiff's claims should be barred or proportionately reduced by the negligent acts of such known or unknown third parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993). *See also* § 768.81, FLA. STAT., as amended effective June 23, 2011.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff conducted himself so carelessly and negligently so as to proximately cause or contribute to the alleged incident, injuries, and damages as alleged in the Second Amended Complaint, and as such Plaintiff's claims for damages are barred or reduced.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff is not entitled to recover any damages, or his recovery should be reduced because he intentionally caused the alleged damages and/or failed to mitigate the alleged damages and/or caused the aggravation of the alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

6. No act or omission on the part of Answering Defendants either proximately caused or contributed to any injuries or damages alleged in the Second Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7. At all relevant times, Answering Defendants acted reasonably, prudently, and in compliance with the applicable standard of care, if any, due and owing.

### EIGHTH AFFIRMATIVE DEFENSE

8. Some or all of the alleged elements of damages are not recoverable under the law or the facts of the case and the amount of recovery of certain damages is limited by statute.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's recovery of damages and all sums of money received by judgment, settlement or otherwise, if any, should be set-off by payments made to Plaintiff by collateral sources and any other party or non-party to this action in connection with the incident complained of and the alleged damages which are the subject of the Second Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's damages were caused by preexisting conditions or events other than the incident described in the Second Amended Complaint and as such Answering Defendants is not liable or responsible for their alleged injuries.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Any damages alleged by Plaintiff were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused or contributed to by Answering Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's causes of action against Answering Defendants are barred by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713, which preempts Plaintiff's state law claims, in whole or in part.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff has not pled facts or claims warranting the award of punitive damages and/or punitive damages are barred by the applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. A choice of law analysis may be necessary to determine the law applicable to Plaintiff's claims.

15. Answering Defendants specifically reserve the right to plead any and all additional affirmative defenses that become known to them during the course of discovery.

WHEREFORE, Defendants MENZIES AVIATION (USA) INC., AMER SM ASIF and WILLIAM REVIS hereby demand judgment against Plaintiff dismissing the Second Amended Complaint against them, costs and any other relief this Court deems just and proper.

Dated: October 17, 2023

Respectfully submitted,

CONDON & FORSYTH, LLP

By: /s/ John Maggio
    John Maggio
    Florida State Bar No.: 125425
    Eli G. Burton
    Florida State Bar No.: 116142
    701 Brickell Avenue, Suite 1550
    Miami, FL 33131
    (305) 492-7303
    jmaggio@condonlaw.com
    eburton@condonlaw.com

*Attorneys for Defendants*
MENZIES AVIATION (USA) INC., AMER SM ASIF and WILLIAM REVIS