UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FREDERICK MARC COOLEY,**

      **Plaintiff,**

v.                                          Case No.  6:23-cv-299-CEM-LHP

**AMER SM ASIF, MENZIES AVIATION (USA) INC., JOHN DOE, and WILLIAM REVIS,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court upon *sua sponte* review. This Court entered an Initial Order (Doc. 3), which reminds the parties of their obligations under Local Rule 3.02. (*Id.* at 2). That Rule states that "within forty days after any defendant appears in an action originating in this court," or "within forty days after the docketing of an action removed or transferred to this court," "[t]he parties must file [a] case management report." M.D. Fla. R. 3.02(b)(1)–(2). The parties were also warned that failure to comply with any Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action

without further notice. (Notice to Counsel and Parties, Doc. 4). The parties have failed to file a case management report, and the time to do so has passed.[1]

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. Any motion for reconsideration must be filed within fourteen days of this Order, comply with all Local Rules, and include the following:

    a. a certification that the pro se Plaintiff has personally read the Court's Initial Order and the Local Rules cited therein;

    b. an explanation for why the deadline was missed; and

    c. as a separate docket entry, the Case Management Report.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] If fault for noncompliance lies entirely with Defendants, Plaintiff may seek reconsideration on that basis.